UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:   Case No. 14-12186
         Chapter 7

MICHAEL R. DOBBS
KRISTINE C. DOBBS,

    Debtors.

_____

ALIANT BANK, A DIVISION OF
USAMERICBANK,

    Plaintiff,

v.   Adv. Proc. 14-01097

MICHAEL R. DOBBS
KRISTINE C. DOBBS,

    Defendants.

**ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

    Before the court is the plaintiff's (hereinafter "Aliant") motion for summary judgment (Doc. # 13). The complaint alleges that the debt owed by the defendants (hereinafter "Dobbs") is not dischargeable under 11 U.S.C. § 523 and that the Dobbs discharge should be denied under 11 U.S.C. § 727. Aliant does not more particularly specify which subsection of § 523 or § 727 on which it is basing its claims.[1] For the reasons that follow, Aliant's motion for summary judgment will be denied.

    These facts are undisputed. On June 25, 2013, the Dobbs executed an amended promissory note for $2,000,443.04 payable to Aliant. As security for that note, the Dobbs granted Aliant a security interest in any and all proceeds from a cause-of-action of Michael Dobbs against Rotech Healthcare, Inc. and Phillip Carter then pending in an Orange County, Florida state court. On May 10, 2013, Aliant filed with the Alabama Secretary of State a financing statement describing its interest in the law suit.

---

    [1] Although the complaint alleges the nondischargeablity of its claim under § 523 and the denial of the debtors' discharge under § 727, both are raised in a single count complaint.

Regarding the lawsuit proceeds, both the amended promissory note and the UCC financing statement contain identical provisions that provide, "[s]aid assignment shall be for the greater of 35% of the proceeds recovered from said claim/lawsuit after taxes or $250,000.00 but in no event more than $500,000.00."

From the Florida cause-of-action, Dobbs actually recovered $100,000.00. Of that amount, $65,000.00 was paid to Aliant. Because the lawsuit proceeds represented lost income, Dobbs retained $35,000 therefrom to defray his income tax liability.

Aliant contends that under the parties' agreement, it was due to receive at least $250,000.00. In its view, the 35% of proceeds, less taxes, alternative only came into play only if the settlement exceeded $714,285.71 plus anticipated taxes on that amount (35% of $714,285.71 is $250,000.00).

Dobbs, conversely, maintains that the parties' intended that the agreement allow them to retain from the proceeds, under any scenario, an amount to satisfy their tax liability arising from receipt of the lawsuit proceeds.

The court finds that the parties' agreement is sufficiently ambiguous with regard to income tax reservation issue so as to preclude summary judgment. The parties' intent must be determined here, and the facts with respect to their intent are in dispute.

Further, if Aliant is traveling here under § 523(a)(2) fraud, summary judgment is not appropriate for another reason. The only fraud remotely alleged is that the Dobbs did not comply with the provisions of the amended promissory note. Because the alleged misrepresentation did not concern a then existing fact, this is actionable only if Aliant proved promissory fraud; that is that the Dobbs did not intend to comply with their obligations under the promissory note as of the time the note's execution. None of the facts in this record allege or support a claim of promissory fraud.

In the view of the undersigned, Aliant must therefore be traveling under § 523(a)(6) asserting a claim for willful and malicious injury to its property by converting its proceeds collateral. However, as noted above, the parties' intent regarding the ability of the Dobbs to withhold an amount equal to their income tax liability is disputed, and hence, that issue survives summary judgment as well.

Finally, Aliant has raised § 727 denial of discharge in its complaint without indicating which subsection of that section it is pursuing. None of the facts, here, support a § 727 claim through summary judgment or otherwise. Accordingly, it is

ORDERED that Aliant Bank's motion for summary judgment is DENIED.

Done this the 21st day of April, 2016.

*Dwight A. Williams, Jr.*

Dwight H. Williams, Jr.
United States Bankruptcy Judge